Filed 11/27/24  In re J.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.M. et al., Persons Coming Under the Juvenile Court Law. | B332773 <br><br> Los Angeles County <br> Super. Ct. No. 23CCJP00179A-B |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.V., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Kristen Byrdsong, Commissioner.  Appeal dismissed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

————————————————

## SUMMARY

The mother in this dependency proceeding appeals from jurisdictional findings that she failed to protect her daughter from sexual abuse and made an inappropriate plan for the care of her daughter and her son. Mother does not, however, challenge the juvenile court's finding that she is "unable and unwilling to provide the children with ongoing care and supervision and to provide the children with the basic necessities of life." The father, who is a registered sex offender, does not appeal from the sexual abuse and other findings made against him.

Mother's appeal is not justiciable because the children are in any event subject to the juvenile court's jurisdiction, and we cannot offer her any effective relief. We decline to exercise our discretion to address the merits of her assertions concerning the findings she challenges. The appeal is dismissed.

## FACTS

Mother C.V. and father M.M. have two teenaged children together: J.M., born in 2006, and Jo.M., born in 2008.

The children, who did not have a good relationship with mother, lived with father for most of their lives, until he was arrested and imprisoned on sexual abuse charges in February 2021. When father was arrested, the children went to live with mother in San Diego, where mother had resided since 2013. They lived with mother from February through October 2021. Mother and Jo.M. had a particularly contentious relationship, and starting in November 2021, mother authorized Elizabeth M., the children's paternal aunt, to care for the children.

The children lived with Elizabeth M., her three children, and one other person from November 2021 until the events which precipitated these dependency proceedings.

In November 2022, the Los Angeles County Department of Children and Family Services (Department) began an investigation of allegations made against Elizabeth M. in connection with her three children. That led to an investigation of allegations that J.M. and Jo.M. were the victims of general neglect and emotional abuse by Elizabeth M.

On December 27, 2022, the Department asked mother to pick up the children because the situation with Elizabeth M. was no longer an appropriate caretaking plan. Mother wanted other options; she did not want Jo.M. and would take J.M. only if the child wished to go with her. At some point, J.M. stated that "[a]ll I know is that my mom doesn't want anything to do with us."

On January 12, 2023, the children were detained and taken into the Department's custody. The Department's assessment was that mother had failed to make an appropriate plan for the children and her inability and refusal to pick up Jo.M. placed both children at risk of harm.

On January 19, 2023, the children were detained from mother, "given the . . . very concerning and dangerous and unhealthy living conditions these minors were subjected to based on mother's decisions."

The adjudication date was set for March 20, 2023, but was continued several times as other circumstances involving allegations of father's sexual abuse became known. A first amended petition filed on June 1, 2023, included allegations that father sexually abused two of the children's paternal cousins, and that father is a registered sex offender. A second amended petition filed on August 24, 2023, alleged that father sexually abused J.M. while she was sleeping, and that in or around 2020,

Jo.M. observed three videos on father's phone of father sexually abusing J.M.

The dependency proceedings eventually revealed that J.M. "has been victimized continuously by men who are sexual abuse predators"; J.M. had been sexually abused by four different men on different occasions.  (At the jurisdictional hearing, mother's counsel stated that, "As everyone involved in this case is aware, [J.M.] was subjected to horrendous sexual abuse by her paternal uncle on more than one occasion including when she was in the fourth grade as recent as three to four years ago," at a time when mother did not have physical custody of the children.)

On October 17, 2023, the court sustained these allegations against mother:

J.M. was sexually abused by a paternal uncle, and mother knew or reasonably should have known of the abuse and failed to protect the child.  (Welf. & Inst. Code, § 300, subds. (b), (d) & (j); further statutory references are to the Welfare and Institutions Code.)

Mother failed to make an appropriate plan for the children's safety and well-being by leaving the children in Elizabeth M.'s care, when she knew or should have known of Elizabeth M.'s history of unresolved mental and emotional problems and violent assaultive behavior.  (§ 300, subd. (b).)

Mother was unable and unwilling to provide the children with ongoing care and supervision and to provide them with the basic necessities of life.  (§ 300, subds. (b) & (g).)

The trial court also sustained allegations that father sexually abused J.M. and two of the children's paternal cousins, along with allegations of failure to protect the children.  The trial court found no reasonable means existed to prevent removal of

4

the children, "given mother's and father's complete failure to take any accountability for the horrific treatment of the children, the sex abuse of [J.M.], father's failure to take any responsibility for his sex abuse offenses and basis for his current imprisonment."

Mother filed a timely appeal. Father has not appealed from the findings against him.

## DISCUSSION

"Pursuant to the doctrine of justiciability, ' " '[a] judicial tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition.' " ' [Citation.] Application of the doctrine of justiciability in the dependency context leads to the conclusion that '[w]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.] This is true because no effective relief could be granted in such a situation, as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such additional jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 328-329.)

This is such a case. Mother does not challenge the findings that she was unwilling to provide the children with ongoing care and supervision and to provide them with the basic necessities of life. Consequently, we can afford her no effective relief, and her claims that substantial evidence did not support other

5

jurisdictional findings by the juvenile court—that she failed to protect her daughter from sexual abuse and made an inappropriate plan for the care of the children—are not justiciable.

Mother insists her claims are justiciable, relying on *In re D.P.* (2023) 14 Cal.5th 266 (*D.P.*), where the Supreme Court stated that "when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required.  When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*Id.* at p. 283.) Mother says the findings she challenges "may impact reunification, the status of her parental rights, and possible future proceedings, as [mother] is a parent to other minor children."  None of those claims is "a specific legal or practical consequence" that would be averted if the findings were reversed.

Mother then asks us to use our discretion to review the jurisdictional findings.  She again relies on *D.P.*, where the court, discussing a variety of factors, stated that the exercise of discretionary review "may also be informed by whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*D.P., supra,* 14 Cal.5th at pp. 285-286.) Mother ignores the very next statement in *D.P.*:  that "stigma alone will not sustain an appeal." (*Id.* at p. 286.)  *D.P.* instructs us to consider all relevant factors, and the overarching goal of the dependency system to safeguard children, with a focus on preserving the family and the child's well-being. (*Ibid.*)  Having done so, we see no reason to address the merits of mother's appeal.

## DISPOSITION

The appeal is dismissed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

VIRAMONTES, J.

7